**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | ) ) ) |
| Plaintiffs, | ) **Case No.:**_____ |
| vs. | ) ) ) |
| TRAILER BRIDGE, INC., WAN HAI LINES(AMERICA) LTD., CSAV AGENCY, LLC, DATATRAC CORPORATION, INC., SUPPLY CHAIN SOLUTIONS, INC., SUPERIOR BROKERAGE SERVICES, INC., TRANSFAIR NORTH AMERICA INTERNATIONAL FREIGHT SERVICES, INC. D/B/A TRANSGROUP WORLDWIDE LOGISTICS, and ESHIP GLOBAL, INC., | ) ) ) ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiffs"), by and through their undersigned attorneys, for their complaint against defendants Trailer Bridge, Inc. ("Trailer Bridge"), Wan Hai Lines (AMERICA), Ltd. ("Wan Hai"), CSAV Agency, LLC ("CSAV"), Datatrac Corporation, Inc. ("Datatrac"), Supply Chain Solutions, Inc. ("Supply Chain Solutions"), Superior Brokerage Services, Inc. ("Superior Brokerage Services"), Transfair North America International Freight Services, Inc. dba Transgroup Worldwide Logistics ("Transgroup"), and eShip Global, Inc. ("eShipGlobal") (Trailer Bridge, Wan Hai, CSAV, Datatrac, Supply Chain Solutions, Superior Brokerage Services, Transgroup, and eShipGlobal are collectively referred to herein as "Defendants") hereby allege as follows:

## NATURE OF LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

## THE PARTIES

2. ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3174, Palm Chambers, 197 Main Street, Road Town, Tortola, British Virgin Islands.

4. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,657,010 ("the '010 patent"), entitled "Advance notification system and method utilizing vehicle progress report generator," issued August 12, 1997. A copy of the '010 patent is annexed hereto as Exhibit A.

5. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,278,936 ("the '936 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued August 21, 2001. A copy of the '936 patent is annexed hereto as Exhibit B.

6. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,317,060 ("the '060 patent"), entitled "Base station system and method for monitoring travel of mobile vehicles and communicating

notification messages," issued November 13, 2001. A copy of the '060 patent is annexed hereto as Exhibit C.

7. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued March 30, 2004. A copy of the '859 patent is annexed hereto as Exhibit D.

8. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced notification systems and methods utilizing a computer network," issued June 8, 2004. A copy of the '318 patent is annexed hereto as Exhibit E.

9. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,748,320 ("the '320 patent"), entitled "Advance notification systems and methods utilizing a computer network," issued June 8, 2004. A copy of the '320 patent is annexed hereto as Exhibit F.

10. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled "Notification systems and methods with user-definable notifications based upon occurance of events," issued June 7, 2005. A copy of the '359 patent is annexed hereto as Exhibit G.

11. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and method for activation of an advance notification system for monitoring and reporting

status of vehicle travel," issued October 4, 2005. A copy of the '645 patent is annexed hereto as Exhibit H.

12. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 7,030,781 ("the '781 patent"), entitled "Notification system and method that informs a party of vehicle delay," issued April 18, 2006. A copy of the '781 patent is annexed hereto as Exhibit I.

13. ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 7,400,970 ("the '970 patent"), entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," issued July 15, 2008. A copy of the '781 patent is annexed hereto as Exhibit J.

14. Defendant Trailer Bridge is a Delaware Corporation with a principal place of business at 10405 New Berlin Road East Jacksonville, FL 32226. Trailer Bridge transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '859, '318, '320, and '781 patents.

15. Defendant Wan Hai is an Arizona Corporation with a principal place of business at 2394 E. Camelback Rd. Phoenix, AZ 85021. Wan Hai transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '318, '320, '781, and '645 patents.

16. Defendant CSAV is a Delaware Limited Liability Company with a principal place of business at 99 Wood Avenue South, 9th Floor Iselin, NJ 08830. CSAV transacts business and has, at a minimum, offered to provide and/or provided in this

judicial district and throughout the State of Florida services that infringe claims of the '859, '318, '320, and '359 patents.

17.     Defendant Datatrac is a Delaware Corporation with a principal place of business at 4550 North Point Parkway, Suite 200 Alpharetta, GA 30022. Datatrac transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '936, '318, '320, and '645 patents.

18.     Defendant Supply Chain Solutions is a Delaware Corporation with a principal place of business at 4607 44th Street, S.E. Grand Rapids, MI 49512. Supply Chain Solutions transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '318, '320, '645, and '781 patents.

19.     Defendant Superior Brokerage Services is a Minnesota Corporation with a principal place of business at 1700 Wynne Avenue St. Paul, MN 55108. Superior Brokerage Services transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '318, '320, and '645 patents.

20.     Defendant Transgroup is a Washington Corporation with a principal place of business at 18850 8th Avenue S, Suite 100 Seattle, WA 98148. Transgroup transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '010, '318, '359, '781, and '970 patents.

21. Defendant eShipGlobal is a Texas Corporation with a principal place of business at 5800 Campus Circle Dr Suite 220A Irving, TX 75063. eShipGlobal transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '060, '318, and '645 patents.

22. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANT TRAILER BRIDGE'S ACTS OF PATENT INFRINGEMENT

23. Defendant Trailer Bridge has infringed claims of the '859, '318, '320, and '781 patents through, among other activities, the use of Trailer Bridge's Web'nTransit shipment tracking system. Trailer Bridge has also infringed the '859, '318, '320, and '781 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

24. Defendant Trailer Bridge's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '318, '320, and '781 patents.

## DEFENDANT WAN HAI'S ACTS OF PATENT INFRINGEMENT

25. Defendant Wan Hai has infringed claims of the '318, '320, '781, and '645 patents through, among other activities, the use of Wan Hai's container and ship tracking system. Wan Hai has also infringed the '318, '320, '781, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

26.     Defendant Wan Hai's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '781, and '645 patents.

### DEFENDANT CSAV'S ACTS OF PATENT INFRINGEMENT

27.     Defendant CSAV has infringed claims of the '859, '318, '320, and '359 patents through, among other activities, the use of CSAV's automated personalized schedule data via email system. CSAV has also infringed the '859, '318, '320, and '359 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

28.     Defendant CSAV's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '318, '320, and '359 patents.

### DEFENDANT DATATRAC'S ACTS OF PATENT INFRINGEMENT

29.     Defendant Datatrac has infringed claims of the '936, '318, '320, and '645 patents through, among other activities, the use of Datatrac's eTrac, wirelesseTrac, GeoTrac, and Automated Vehicle Location systems. Datatrac has also infringed the '936, '318, '320, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

30. Defendant Datatrac's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '318, '320, and '645 patents.

### DEFENDANT SUPPLY CHAIN SOLUTIONS' ACTS OF PATENT INFRINGEMENT

31. Defendant Supply Chain Solutions has infringed claims of the '318, '320, and '645 patents through, among other activities, the use of Supply Chain Solutions' tracking systems and services. Supply Chain Solutions has also infringed the '318, '320, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

32. Defendant Supply Chain Solutions' infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, and '645 patents.

### DEFENDANT SUPERIOR BROKERAGE SERVICES' ACTS OF PATENT INFRINGEMENT

33. Defendant Superior Brokerage Services has infringed claims of the '318, '320, '645, and '781 patents through, among other activities, the use of Superior Brokerage Services' web based shipment tracking tool. Superior Brokerage Services has also infringed the '318, '320, '645, and '781 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

34. Defendant Superior Brokerage Services' infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '645, and '781 patents.

### **DEFENDANT TRANSGROUP'S ACTS OF PATENT INFRINGEMENT**

35. Defendant Transgroup has infringed claims of the '010, '318, '359, '781, and '970 patents through, among other activities, the use of Transgroup's tracking software. Transgroup has also infringed the '010, '318, '359, '781, and '970 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents. Defendant Transgroup's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '010, '318, '359, '781, and '970 patents.

### **DEFENDANT ESHIPGLOBAL'S ACTS OF PATENT INFRINGEMENT**

36. Defendant eShipGlobal has infringed claims of the '060, '318, and '645 patents through, among other activities, the use of eShipGlobal's tracking software. eShipGlobal has also infringed the '060, '318, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

37. Defendant eShipGlobal's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until

this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '060, '318, and '645 patents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.  An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant's infringement of the ArrivalStar patents began;

B.  Increased damages as permitted under 35 U.S.C. § 284;

C.  A finding that this case is exceptional and an award to ArrivalStar of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D.  A permanent injunction prohibiting further infringement, inducement and contributory infringement of the ArrivalStar patents; and

E.  Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

ArrivalStar demands a trial by jury on all issues presented in this Complaint.

Dated: July 10, 2009

Respectfully submitted,

**HANSON LAW OFFICE**

Michael A. Hanson
2501 N. Orient Road
Suite A
Tampa, Florida 33619
813-626-7304
813-354-4670 fax
FBN: 0350796
mhanson@hansonlawoffice.net

Anthony E. Dowell
**DOWELL BAKER, P.C.**
201 Main St., Suite 710
Lafayette, IN  47901
765-429-4004
765-429-4114 fax
aedowell@dowellbaker.com

**ATTORNEYS FOR PLAINTIFFS
ARRIVALSTAR S.A. and
MELVINO TECHNOLOGIES
LIMITED**