UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| ArrivalStar S.A. and Melvino Technologies Limited, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 8:09-CV-01307-EAK-MAP |
| Trailer Bridge, Inc., et al., | ) ) | |
| Defendants. | ) ) | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF TRAILER BRIDGE, INC. TO COMPLAINT OF ARRIVALSTAR S.A. AND MELVINO TECHNOLOGIES LIMITED

Defendant, Trailer Bridge, Inc. ("Trailer Bridge" or "Defendant"), answers the Complaint of ArrivalStar S.A. and Melvino Technologies Limited ("Arrivalstar") by responding to the specifically numbered allegations and then raises its affirmative and/or other defenses and counterclaims.

## NATURE OF LAWSUIT

1.      This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**ANSWER:**    Trailer Bridge admits that the Complaint purports to allege a claim for patent infringement under Title 35 of the United States Code.  Upon information and belief, due to the lack of standing issues raised in the Affirmative Defenses, Trailer Bridge admits that this court has subject matter jurisdiction over patent law claims but denies subject matter

jurisdiction over the present action.  Trailer Bridge denies the legal sufficiency of ArrivalStar's claims and allegations.

## **THE PARTIES**

2.      ArrivalStar S.A. is a corporation organized under the laws of Luxenbourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg.

**ANSWER:**    Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

3.      Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3174, Palm Chamber, 197 Main Street, Road Town, Tortola, British Virgin Islands.

**ANSWER:**    Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

4.      ArrivalStar owns all right, title and interest in, and have standing to sue for infringement of United States Patent No. 5,657,010 ("the '010 patent"), entitled "Advanced notification system and method utilizing vehicle progress report generator," issued August 12, 1997.  A copy of the '010 patent is annexed hereto as Exhibit A.

**ANSWER:**    Trailer Bridge admits that the face of U.S. Patent No. 5,657,010 ("the '010 patent") attached as Exhibit A of the Complaint, identifies that the '010 patent is entitled "Advanced notification system and method utilizing vehicle progress report generator." Trailer Bridge admits that the face of the '010 patent identifies that is was issued on August 12,

1997.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the

remaining allegations of this paragraph, and therefore denies them.

5.      ArrivalStar owns all right, title and interest in, and having standing to sue

for infringement of United States Patent No. 6,278,936 ("the '936 patent"), entitled "System and

method for an advanced notification system for monitoring and reporting proximity of a

vehicle," issued August 21, 2001.  A copy of the '936 patent is annexed hereto as Exhibit B.

**ANSWER:**    Trailer Bridge admits that the face of U.S. Patent No. 6,278,936

("the '936 patent") attached as Exhibit B of the Complaint, identifies that the '936 patent is

entitled "System and method for an advanced notification system for monitoring and reporting

proximity of a vehicle."  Trailer Bridge admits that the face of the '936 patent identifies that is

was issued on August 21, 2001.  Trailer Bridge is without sufficient knowledge to form a belief

as to the truth of the remaining allegations of this paragraph, and therefore denies them.

6.      ArrivalStar owns all right, title and interest in, and having standing to sue

for infringement of United States Patent No. 6,317,060 ("the '060 patent"), entitled "Base station

system and method for monitoring travel of mobile vehicles and communication notification

messages," issued November 13, 2001.  A copy of the '060 patent is annexed hereto as Exhibit

C.

**ANSWER:**    Trailer Bridge admits that the face of U.S. Patent No. 6,317,060

("the '060 patent") attached as Exhibit C of the Complaint, identifies that the '060 patent is

entitled "Base station system and method for monitoring travel of mobile vehicles and

communication notification messages."  Trailer Bridge admits that the face of the '060 patent

identifies that is was issued on November 13, 2001.  Trailer Bridge is without sufficient

3

knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

7.     ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,714,859 ("the '859 patent"), entitled "System and method for an advanced notification system for monitoring and reporting proximity of a vehicle," issued March 30, 2004.  A copy of the '859 patent is annexed hereto as Exhibit D.

**ANSWER:**     Trailer Bridge admits that the face of U.S. Patent No. 6,714,859 ("the '859 patent") attached as Exhibit D of the Complaint, identifies that the '859 patent is entitled "System and method for an advanced notification system for monitoring and reporting proximity of a vehicle."  Trailer Bridge admits that the face of the '859 patent identifies that is was issued on March 30, 2004.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

8.     ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced notification systems and methods utilizing a computer network," issued June 8, 2004.  A copy of the '318 patent is annexed hereto as Exhibit E.

**ANSWER:**     Trailer Bridge admits that the face of U.S. Patent No. 6,748,318 ("the '318 patent") attached as Exhibit E of the Complaint, identifies that the '318 patent is entitled "Advanced notification systems and methods utilizing a computer network."  Trailer Bridge admits that the face of the '318 patent identifies that is was issued on June 8, 2004.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

4

9.      ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,748,320 ("the '320 patent"), entitled "Advanced notification systems and methods utilizing a computer network," issued June 8, 2004.  A copy of the '320 patent is annexed hereto as Exhibit F.

**ANSWER:**      Trailer Bridge admits that the face of U.S. Patent No. 6,748,320 ("the '320 patent") attached as Exhibit F of the Complaint, identifies that the '320 patent is entitled "Advanced notification systems and methods utilizing a computer network."  Trailer Bridge admits that the face of the '320 patent identifies that is was issued on June 8, 2004. Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

10.      ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled "Notification systems and methods with user-definable notification based upon occurance [*sic*] of events," issued June 7, 2005.  A copy of the '359 patent is annexed hereto as Exhibit G.

**ANSWER:**      Trailer Bridge admits that the face of U.S. Patent No. 6,904,359 ("the '359 patent") attached as Exhibit G of the Complaint, identifies that the '359 patent is entitled "Notification systems and methods with user-definable notification based upon occurance [*sic*] of events."  Trailer Bridge admits that the face of the '359 patent identifies that is was issued on June 7, 2005.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

11.      ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and

5

method for activation of an advanced notification system for monitoring and reporting status of vehicle travel," issued October 4, 2005.  A copy of the '645 patent is annexed hereto as Exhibit H.

  **ANSWER:** Trailer Bridge admits that the face of U.S. Patent No. 6,952,645 ("the '645 patent") attached as Exhibit H of the Complaint, identifies that the '645 patent is entitled "System and method for activation of an advanced notification system for monitoring and reporting status of vehicle travel."  Trailer Bridge admits that the face of the '645 patent identifies that is was issued on October 4, 2005.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

  12. ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 6,030,781 ("the '781 patent"), entitled "Notification system and method that informs a party of vehicle delay," issued April 18, 2006.  A copy of the '781 patent is annexed hereto as Exhibit I.

  **ANSWER:** Trailer Bridge admits that the face of U.S. Patent No. 6,030,781 ("the '781 patent") attached as Exhibit I of the Complaint, identifies that the '781 patent is entitled "Notification system and method that informs a party of vehicle delay."  Trailer Bridge admits that the face of the '781 patent identifies that is was issued on April 18, 2006.  Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

  13. ArrivalStar owns all right, title and interest in, and having standing to sue for infringement of United States Patent No. 7,400,970 ("the '970 patent"), entitled "System and

6

method for an advanced notification system for monitoring and reporting proximity of a

vehicle," issued July 15, 2008.  A copy of the '970 patent is annexed hereto as Exhibit J.

     **ANSWER:**   Trailer Bridge admits that the face of U.S. Patent No. 7,400,970

("the '970 patent") attached as Exhibit J of the Complaint, identifies that the '970 patent is

entitled "System and method for an advanced notification system for monitoring and reporting

proximity of a vehicle."  Trailer Bridge admits that the face of the '970 patent identifies that is

was issued on July 15, 2008.  Trailer Bridge is without sufficient knowledge to form a belief as

to the truth of the remaining allegations of this paragraph, and therefore denies them.

     14.    Defendant Trailer Bridge is a Delaware Corporation with a principal place

of business at 10405 New Berlin Road East Jacksonville, FL 32226.  Trailer Bridge transacts

business and has, at a minimum, offered to provide and/or provided in this judicial district and

throughout the State of Florida services that infringe claims of the '859, '318, '320, and '781

patents.

     **ANSWER:**   Trailer Bridge admits that Trailer Bridge is a corporation organized

under the laws of Delaware.  Trailer Bridge admits that is principal place of business is 10405

New Berlin Road East, Jacksonville, FL 32226.  Trailer Bridge admits that it transacts business

in this judicial district and throughout the State of Florida.  Trailer Bridge denies the remaining

allegations of this paragraph.

     15.    Defendant Wan Hai is an Arizona Corporation with a principal place of

business at 2394 E. Camelback Rd. Phoenix, AZ 85021.  Wan Hai transacts business and has, at

a minimum, offered to provide and/or provided in this judicial district and throughout the State

of Florida services that infringe claims of the '318, '320, '781, and '645 patents.

7

**ANSWER:** Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

16. Defendant CSAV is a Delaware Limited Liability Company with a principal place of business at 99 Wood Avenue South, 9th Floor Iselin, NJ 08830. CSAV transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '859, '318, '320, and '359 patents.

**ANSWER:** Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

17. Defendant Datatrac is a Delaware Corporation with a principal place of business at 4550 North Point Parkway, Suite 200 Alpharetta, GA 30022. Datatrac transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '936, '318, '320, and '645 patents.

**ANSWER:** Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

18. Defendant Supply Chain Solutions is a Delaware Corporation with a principal place of business at 4607 44th Street, S.E. Grand Rapids, MI 49512. Supply Chain Solutions transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '318, '320, '645, and '781 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

19.     Defendant Superior Brokerage Services is a Minnesota Corporation with a principal place of business at 1700 Wynne Avenue St. Paul, MN 55108.  Superior Brokerage Services transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '318, '320, and '645 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

20.     Defendant Transgroup is a Washington Corporation with a principal place of business at 18850 8th Avenue S, Suite 100 Seattle, WA 98148.  Transgroup transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '010, '318, '359, '781, and '970 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

21.     Defendant eShipGlobal is a Texas Corporation with a principal place of business at 5800 Campus Circle Dr Suite 200A Irving, TX 75063.  eShipGlobal transacts business and has, at a minimum, offered to provide and/or provided in this judicial district and throughout the State of Florida services that infringe claims of the '060, '318, and '645 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

22.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**     To the extent that the allegations of this paragraph are directed to Trailer Bridge, Trailer Bridge admits that venue is proper is this district, but reserves the right to request transfer based on convenience or other appropriate grounds.  To the extent the allegations of this paragraph are directed to other entities, Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

## DEFENDANT TRAILER BRIDGE'S ACTS OF PATENT INFRINGEMENT

23.     Defendant Trailer Bridge has infringed claims of the '859, '318, '320, and '781 patent through, among other activities, the use of Trailer Bridge's Web'nTransit shipment tracking system.  Trailer Bridge has also infringed the '859, '318, '320, and '781 patents by knowingly and actively inducing other to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     Denied

24.     Defendant Trailer Bridge's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '318, '320, and '781 patents.

**ANSWER:**     Denied

## DEFENDANT WAN HAI'S ACTS OF PATENT INFRINGEMENT

10

25.     Defendant Wan Hai has infringed claims of the '318, '320, '781, and '645 patents through, among other activities, the use of Wan Hai's container and ship tracking system. Wan Hai has also infringed the '318, '320, '781, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

26.     Defendant Wan Hai's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '781, and '645 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## DEFENDANT CSAV'S ACTS OF PATENT INFRINGEMENT

27.     Defendant CSAV has infringed claims of the '859, '318, '320, and '359 patents through, among other activities, the use of SCAV's automated personalized schedule data via email system.  CSAV has also infringed the '859, '318, '320, and '359 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

11

28.     Defendant CSAV's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '859, '318, '320, and '359 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## DEFENDANT DATATRAC'S ACTS OF PATENT INFRINGEMENT

29.     Defendant Datatrac has infringed claims of the '936, '318, '320, and '645 patents through, among other activities, the use of Datatrac's eTrac, wirelesseTrac, GeoTrac, and Automated Vehicle Location systems.  Datatrac has also infringed the '936, '318, '320, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

30.     Defendant Datatrac's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '936, '318, '320, and '645 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

12

## DEFENDANT SUPPLY CHAIN SOLUTIONS' ACTS OF PATENT INFRINGEMENT

31.     Defendant Supply Chain Solutions has infringed claims of the '318, '320, and '645 patents through, among other activities, the use of Supply Chain Solutions' tracking systems and services.  Supply Chain Solutions has also infringed the '318, '320, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by other, of such patents.

**ANSWER:**   Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

32.     Defendant Supply Chain Solutions' infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, and '645 patents.

**ANSWER:**   Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## DEFENDANT SUPERIOR BROKERAGE SERVICES' ACTS OF PATENT INFRINGEMENT

33.     Defendant Superior Brokerage Services has infringed claims of the '318, '320, '645, and '781 patents through, among other activities, the use of Superior Brokerage Services' web based shipment tracking tool.  Superior Brokerage Services has also infringed the

13

'318, '320, '645, and '781 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.

      **ANSWER:**   Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

      34.    Defendant Superior Brokerage Services' infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '318, '320, '645, and '781 patents.

      **ANSWER:**   Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

### DEFENDANT TRANSGROUP'S ACTS OF PATENT INFRINGEMENT

      35. Defendant Transgroup has infringed claims of the '010, '318, '359, '781, and '970 patents through, among other activities, the use of Transgroup's tracking software. Transgroup has also infringed the '010, '318, '359, '781, and '970 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of, such patents.  Defendant Transgroup's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of the methods and systems that come within the scope of the '010, '318, '359, '781, and '970 patents.

14

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## DEFENDANT ESHIPGLOBAL'S ACTS OF PATENT INFRINGEMENT

36.     Defendant eShipGlobal has infringed claims of the '060, '318, and '645 patents through, among other activities, the use of eShipGlobal's tracking software.  eShipGlobal has also infringed the '060, '318, and '645 patents by knowingly and actively inducing others to infringe and by contributing to the infringement by others of such patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

37.     Defendant eShipGlobal's infringement, contributory infringement and inducement to infringe has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the '060, '318, and '645 patents.

**ANSWER:**     Trailer Bridge is without sufficient knowledge to form a belief as to the truth of the allegations of this paragraph, and therefore denies them.

## PRAYER FOR RELIEF

No response to the "Prayer for Relief" is necessary, but to the extent a response is deemed necessary, Trailer Bridge denies any Plaintiffs are entitled to any of the relief requested, or to any relief whatsoever.

## TRAILER BRIDGE'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

Trailer Bridge does not directly infringe, contributory infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed or induced infringement of any valid and enforceable claim of any of the '859, '318, '320, and/or '781 patents.

## SECOND AFFIRMATIVE DEFENSE: INVALIDITY

The claims of the '859, '318, '320, and/or '781 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE: LACHES, WAIVER, EQUITABLE ESTOPPEL, PROMISSORY ESTOPPEL

All or some of the ArrivalStar's claims for relief are barred by the doctrines of laches, waiver, equitable estoppel, and/or promissory estoppel.

## FOURTH AFFIRMATIVE DEFENSE: NO ENTITLEMENT TO INJUNCTIVE RELIEF

ArrivalStar cannot satisfy the requirements applicable to its requested injunctive relief and has an adequate remedy at law.

## FIFTH AFFIRMATIVE DEFENSE: LIMITATION ON DAMAGES

Any claims for damages for alleged infringement of the '859, '318, '320, and/or '781 patents are barred or limited due to failure to satisfy the requirements of 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

MIAM_158942.1

ArrivalStar's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE: INADEQUATE EVIDENCE OF OWNERSHIP

ArrivalStar has failed to provide adequate evidence of ownership of the '859, '318, '320, and/or '781 patents and therefore lacks standing to bring suit.

## EIGHTH AFFIRMATIVE DEFENSE: EXHAUSTION AND LICENSE

ArrivalStar's claims for patent infringement are precluded in whole or in part by an express or implied license to the '859, '318, '320, and/or '781 patents and/or under the doctrine of patent exhaustion.

## NINTH AFFIRMATIVE DEFENSE: PATENT OFFICE ESTOPPEL

Because of proceedings in the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the applications that resulted in the '859, '318, '320, and/or '781 patents, including the specifications, claims, and acts and representations to the USPTO, ArrivalStar is estopped to claim a construction of the '859, '318, '320, and/or '781 patents that would cause any valid claim thereof to be or have been infringed, literally or under the doctrine of equivalents, by Trailer Bridge.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Trailer Bridge for its counterclaims against ArrivalStar states as follows:

## THE PARTIES

17

1.      Trailer Bridge is a Delaware Corporation with a principal place of business at 10405 New Berlin Road East, Jacksonville, FL 35226.

2.      On information and belief, as alleged in the Complaint, ArrivalStar S.A. is a corporation organized under the laws of Luxembourg that has offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3.      On information and belief, as alleged in the Complaint, Melvino Technologies Limited is a corporation organized under the law of the British Virgin Islands of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, British Virgin Islands.

## JURISDICTION AND VENUE

4.      Subject to Trailer Bridge's affirmative defenses and denials, including those concerning ArrivalStar's lack of standing, Trailer Bridge alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

5.      Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  ArrivalStar is subject to the personal jurisdiction of this Court by having filed this action in this Court.

## FACTUAL BACKGROUND

6.      In its Complaint, ArrivalStar asserts that Trailer Bridge infringed and infringes the '859, '318, '320, and/or '781 patents.

MIAM_158942.1

7.      The '859, '318, '320, and/or '781 patents are invalid and have not been and are not infringed by Trailer Bridge, directly, contributorily, or by inducement.

8.      An actual controversy exists between ArrivalStar and Trailer Bridge by virtue of the infringement allegations in ArrivalStar's Complaint, and Trailer Bridge's denial of such allegations.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '859 PATENT

9.      Trailer Bridge realleges and incorporates by reference paragraphs 1-8 of its Counterclaims.

10.     An actual case or controversy exists between Trailer Bridge and ArrivalStar as to whether the '859 patent is not infringed by Trailer Bridge.

11.     A judicial declaration is necessary and appropriate so that Trailer Bridge may ascertain its rights regarding the '859 patent.

12.     Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '859 patent.

13.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '318 PATENT

14.     Trailer Bridge realleges and incorporates by reference paragraphs 1-13 of its Counterclaims.

15.     An actual case or controversy exists between Trailer Bridge and ArrivalStar as to whether the '318 patent is not infringed by Trailer Bridge.

19

16.     A judicial declaration is necessary and appropriate so that Trailer Bridge may ascertain its rights regarding the '318 patent.

17.     Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '318 patent.

18.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '320 PATENT**

19.     Trailer Bridge realleges and incorporates by reference paragraphs 1-18 of its Counterclaims.

20.     An actual case or controversy exists between Trailer Bridge and ArrivalStar as to whether the '320 patent is not infringed by Trailer Bridge.

21.     A judicial declaration is necessary and appropriate so that Trailer Bridge may ascertain its rights regarding the '320 patent.

22.     Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '320 patent.

23.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '781 PATENT**

24.     Trailer Bridge realleges and incorporates by reference paragraphs 1-23 of its Counterclaims.

25.     An actual case or controversy exists between Trailer Bridge and ArrivalStar as to whether the '781 patent is not infringed by Trailer Bridge.

26.     A judicial declaration is necessary and appropriate so that Trailer Bridge may ascertain its rights regarding the '781 patent.

27.     Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '781 patent.

28.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '859 PATENT

29.     Trailer Bridge realleges and incorporates by reference paragraphs 1-28 of its Counterclaims.

30.     An actual case or controversy exists between Trailer Bridge and ArrivalStar concerning the validity of the '859 patent by virtue of ArrivalStar's assertion of infringement of that patent by Trailer Bridge.

31.     The claims of the '859 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

32.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '318 PATENT

33.     Trailer Bridge realleges and incorporates by reference paragraphs 1-32 of its Counterclaims.

34.     An actual case or controversy exists between Trailer Bridge and ArrivalStar concerning the validity of the '318 patent by virtue of ArrivalStar's assertion of infringement of that patent by Trailer Bridge.

MIAM_158942.1

35.     The claims of the '318 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

36.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '320 PATENT

37.     Trailer Bridge realleges and incorporates by reference paragraphs 1-36 of its Counterclaims.

38.     An actual case or controversy exists between Trailer Bridge and ArrivalStar concerning the validity of the '320 patent by virtue of ArrivalStar's assertion of infringement of that patent by Trailer Bridge.

39.     The claims of the '320 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

40.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '781 PATENT

41.     Trailer Bridge realleges and incorporates by reference paragraphs 1-40 of its Counterclaims.

42.     An actual case or controversy exists between Trailer Bridge and ArrivalStar concerning the validity of the '781 patent by virtue of ArrivalStar's assertion of infringement of that patent by Trailer Bridge.

43.     The claims of the '781 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

44.     This is an exceptional case entitling Trailer Bridge to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

Trailer Bridge reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Trailer Bridge prays for:

A judgment dismissing ArrivalStar's Complaint with prejudice.

A judgment providing that ArrivalStar shall not be awarded any relief on its Complaint, including without limitation, any award of damages, attorneys' fees, costs, or injunctive relief.

A judgment in favor of all of Trailer Bridge's Counterclaims.

A judgment declaring each claim of the '859 patent invalid.

A judgment declaring each claim of the '318 patent invalid.

A judgment declaring each claim of the '320 patent invalid.

A judgment declaring each claim of the '781 patent invalid.

A judgment declaring that Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '859 patent.

A judgment declaring that Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '318 patent.

A judgment declaring that Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly

23

infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '320 patent.

A judgment declaring that Trailer Bridge does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '781 patent.

A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding Trailer Bridge their attorneys' fees, expenses and costs in this action.

Such other and further relief as the Court deems proper.


Dated:  October 5, 2009                            Respectfully submitted,


                                                   _____
                                                   *s/William E. Davis* FL Bar No. 191680
                                                   Laura Ganoza FL Bar No. 0118532
                                                   Foley & Lardner LLP
                                                   One Biscayne Tower Suite 1900
                                                   2 South Biscayne Boulevard
                                                   Miami, FL 33131
                                                   Telephone: 305.482.8400
                                                   Facsimile:  305.482.8600
                                                   wdavis@foley.com
                                                   lganoza@foley.com

MIAM_158942.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 5, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing upon the following and a true and correct copy will be served via facsimile & U. S. Mail:

Michael A. Hanson
Hanson Law Office
2501 North Orient Road
Suite A
Tampa, FL 33619
Telephone: 813.626.7304
Facsimile: 813.354.4670
mhanson@hansonlawoffice.net
Attorneys for Plaintiff

Anthony E. Dowell
Dowell Baker, P.C.
201 Main Street, Suite 710
Lafayette, IN 47901
Telephone: 765.429.4004
Facsimile: 765.429.4114
aedowell@dowellbaker.com
Attorneys for Plaintiff

*s/William E. Davis*

MIAM_158942.1