**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Arrivalstar S.A. and Melvino Technologies )
Limited, )
                   )
       Plaintiffs, )
                   )
     v. )
                   )
Trailer Bridge, Inc., Wan Hai Lines )
(America) LTD, CSAV Agency, LLC, )
Datatrac Corporation, Inc., Supply Chain )
Solutions, Inc., Superior Brokerage )
Services, Inc., Transfair North America )
Internation Freight Services, Inc. and Eship )
Global, Inc., )
                   )
       Defendants. )
                   )
                   )
_____ )

Case No. 8:09-cv-1307

**DEMAND FOR JURY TRIAL**

**DEFENDANT CSAV AGENCY, LLC'S**
**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

       CSAV Agency, LLC ("CSAV") by and through their undersigned attorneys, hereby

Answer Plaintiffs' ArrivalStar S.A. and Melvino Technologies Limited (collectively,

"ArrivalStar" or "Plaintiffs") Complaint.

**NATURE OF LAWSUIT**

     1.     Admitted.

**THE PARTIES**

2.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint and, therefore, denies these allegations.

3.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies these allegations.

4.     CSAV admits that United States Patent No. 5,657,010 ("the '010 patent"), is entitled "Advance notification system and method utilizing vehicle progress report generator," and that it issued on August 12, 1997. CSAV admits that a copy of the '010 patent was annexed to the Complaint as Exhibit A. CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and, therefore, deny these allegations.

5.     CSAV admits that United States Patent No. 6,278,936 ("the '936 patent"), is entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," and that it issued on August 21, 2001. CSAV admits that a copy of the '936 patent was annexed to the Complaint as Exhibit B. CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint and, therefore, deny these allegations.

6.     CSAV admits that United States Patent No. 6,317,060 ("the '060 patent"), is entitled "Base station system and method for monitoring travel of mobile vehicles and communicating notification messages," and that it issued on November 13, 2001. CSAV admits that a copy of the '060 patent was annexed to the Complaint as Exhibit C. CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 of the Complaint and, therefore, deny these allegations.

ATI-2391419v1
358553 - 600001

7.     CSAV admits that United States Patent No. 6,714,859 ("the '859 patent"), is entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," and that it issued on March 30, 2004.  CSAV admits that a copy of the '859 patent was annexed to the Complaint as Exhibit D.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint and, therefore, deny these allegations.

8.     CSAV admits that United States Patent No. 6,748,318 ("the '318 patent"), is entitled "Advanced notification systems and methods utilizing a computer network," and that it issued on June 8, 2004.  CSAV admits that a copy of the '318 patent was annexed to the Complaint as Exhibit E.  CSAV notes that the '318 patent is currently under reexamination by the United States Patent Office.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of the Complaint and, therefore, deny these allegations.

9.     CSAV admits that United States Patent No. 6,748,320 ("the '320 patent"), is entitled "Advance notification systems and methods utilizing a computer network," and that it issued on June 8, 2004.  CSAV admits that a copy of the '320 patent was annexed to the Complaint as Exhibit F.  CSAV notes that the '320 patent is currently under reexamination by the United States Patent Office.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint and, therefore, deny these allegations.

10.    CSAV admits that United States Patent No. 6,904,359 ("the '359 patent"), is entitled "Notification systems and methods with user-definable notifications based upon occurance of events," and that it issued on June 7, 2005.  CSAV admits that a copy of the '359

ATI-2391419v1
358553 - 600001

patent was annexed to the Complaint as Exhibit G.  CSAV notes that the '359 patent is currently under reexamination by the United States Patent Office.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the Complaint and, therefore, deny these allegations.

11.    CSAV admits that United States Patent No. 6,952,645 ("the '645 patent"), is entitled "System and method for activation of an advance notification system for monitoring and reporting status of vehicle travel," and that it issued on October 4, 2005.  CSAV admits that a copy of the '645 patent was annexed to the Complaint as Exhibit H.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and, therefore, deny these allegations.

12.    CSAV admits that United States Patent No. 7,030,781 ("the '781 patent"), is entitled "Notification system and method that informs a party of vehicle delay," and that it issued on April 18, 2006.  CSAV admits that a copy of the '781 patent was annexed to the Complaint as Exhibit I.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint and, therefore, deny these allegations.

13.    CSAV admits that United States Patent No. 7,400,970 ("the '970 patent"), is entitled "System and method for an advance notification system for monitoring and reporting proximity of a vehicle," and that it issued on July 15, 2008.  CSAV admits that a copy of the '970 patent was annexed to the Complaint as Exhibit J.  CSAV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and, therefore, deny these allegations.

ATI-2391419v1
358553 - 600001

14.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and, therefore, denies these allegations.

15.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and, therefore, denies these allegations.

16.     CSAV admits that it is a Delaware Limited Liability Company with a principal place of business at 99 Wood Avenue South, 9th Floor Iselin, NJ 08830. CSAV admits that it transacts business in this judicial district and throughout the State of Florida.  CSAV denies that any services that it offered to provide and/or provided infringe any claims of the '859, '318, '320, and '359 patents.

17.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint and, therefore, denies these allegations.

18.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and, therefore, denies these allegations.

19.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint and, therefore, denies these allegations.

20.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and, therefore, denies these allegations.

21.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and, therefore, denies these allegations.

22.     CSAV denies that venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## DEFENDANT TRAILER BRIDGE'S ACTS OF PATENT INFRINGEMENT

ATI-2391419v1
358553 - 600001

23.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and, therefore, denies these allegations.

24.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and, therefore, denies these allegations.

## DEFENDANT WAN HAI'S ACTS OF PATENT INFRINGEMENT

25.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and, therefore, denies these allegations.

26.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint and, therefore, denies these allegations.

## DEFENDANT CSAV'S ACTS OF PATENT INFRINGEMENT

27.     CSAV denies the allegations of paragraph 27 of the Complaint.

28.     CSAV denies the allegations of paragraph 28 of the Complaint.

## DEFENDANT DATATRAC'S ACTS OF PATENT INFRINGEMENT

29.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, therefore, denies these allegations.

30.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, therefore, denies these allegations.

## DEFENDANT SUPPLY CHAIN SOLUTIONS' ACTS OF PATENT INFRINGEMENT

31.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, therefore, denies these allegations.

32.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, denies these allegations.

## DEFENDANT SUPERIOR BROKERAGE SERVICES' ACTS OF PATENT INFRINGEMENT

ATI-2391419v1
358553 - 600001

33.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, denies these allegations.

34.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, therefore, denies these allegations.

### DEFENDANT TRANSGROUP'S ACTS OF PATENT INFRINGEMENT

35.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, therefore, denies these allegations.

### DEFENDANT ESHIPGLOBAL'S ACTS OF PATENT INFRINGEMENT

36.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, therefore, denies these allegations.

37.     CSAV is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, therefore, denies these allegations.

### PRAYER FOR RELIEF

CSAV denies that ArrivalStar is entitled to any of the relief requested in its Prayer For Relief.

### AFFIRMATIVE DEFENSES

In addition to the defenses below, CSAV expressly reserves the right to allege additional defenses as they become known through the course of discovery:

### First Affirmative Defense

1.     The Complaint fails to state a claim upon which relief can be granted because CSAV has not performed any act or thing in violation of any rights that validly belong to ArrivalStar under the '859, '318, '320 or '359 patents.

### Second Affirmative Defense

- 7 -

2.     CSAV has not infringed and does not infringe any valid claim of the '859, '318, '320 or '359 patents literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### Third Affirmative Defense

3.     CSAV alleges on information and belief that the claims of the '859, '318, '320 or '359 patents are invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Fourth Affirmative Defense

4.     Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement to CSAV.

### Fifth Affirmative Defense

5.     ArrivalStar's claims are barred in whole or in part by one or more of the doctrines of laches, equitable estoppel, and/or acquiescence.

### Sixth Affirmative Defense

6.     ArrivalStar is barred by the doctrine of judicial estoppel, collateral estoppel, and/or *res judicata* from taking any positions or making any assertions in this case that are contrary or contradicted by positions ArrivalStar has taken or any statements ArrivalStar has made in previous litigation involving the '859, '318, '320 or '359 patents, including, but not limited to, the following litigation: *ArrivalStar S.A. et al. v. ShipMatrix Inc. et al.*, Civil Action No. 07cv00415 (W.D. PA.).

### COUNTERCLAIMS

Defendant/Counterclaim Plaintiff CSAV for its counterclaims against ArrivalStar states as follows:

- 8 -

## THE PARTIES

1.      CSAV is a Delaware Corporation with a principal place of business at 99 Wood Avenue South, 9th Floor Iseline, NJ 08830.

2.      On information and belief, as alleged in the Complaint, ArrivalStar S.A. is a corporation organized under the laws of Luxembourg that has offices at 67 Rue Michel, Welter L-2730, Luxembourg.

3.      On information and belief, as alleged in the Complaint, Melvino Technologies Limited is a corporation organized under the law of the British Virgin Islands of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, British Virgin Islands.

## JURISDICTION AND VENUE

4.      Subject to CSAV's affirmative defenses and denials, CSAV alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

5.      Personal jurisdiction and venue in this District are proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). ArrivalStar is subject to the personal jurisdiction of this Court by having filed this action in this Court.

## FACTUAL BACKGROUND

6.      In its Complaint, ArrivalStar asserts that CSAV infringed and infringes the '859, '318, '320, and/or '359 patents.

7.      The '859, '318, '320, and/or '359 patents are invalid and have not been and are not infringed by CSAV, directly, contributorily, or by inducement.

8.      An actual controversy exists between ArrivalStar and CSAV by virtue of the infringement allegations in ArrivalStar's Complaint, and CSAV's denial of such allegations.

ATI-2391419v1
358553 - 600001

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '859 PATENT

9.      CSAV realleges and incorporates by reference paragraphs 1-8 of its

Counterclaims.

10.     An actual case or controversy exists between CSAV and ArrivalStar as to whether

the '859 patent is not infringed by CSAV.

11.     A judicial declaration is necessary and appropriate so that CSAV may ascertain its

rights regarding the '859 patent.

12.     CSAV does not directly infringe, contributorily infringe, or induce infringement

of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or

induced infringement of any valid and enforceable claim of the '859 patent.

13.     This is an exceptional case entitling CSAV to an award of its attorneys' fees

incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '318 PATENT

14.     CSAV realleges and incorporates by reference paragraphs 1-13 of its

Counterclaims.

15.     An actual case or controversy exists between CSAV and ArrivalStar as to whether

the '318 patent is not infringed by CSAV.

16.     A judicial declaration is necessary and appropriate so that CSAV may ascertain its

rights regarding the '318 patent.

17.     CSAV does not directly infringe, contributorily infringe, or induce  infringement

of, and at all relevant times to this action, has not directly infringed, contributorily

infringed, or induced infringement of any valid and enforceable claim of the '318 patent.

ATI-2391419v1
358553 - 600001

18.     This is an exceptional case entitling CSAV to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '320 PATENT**

19.     CSAV realleges and incorporates by reference paragraphs 1-18 of its Counterclaims.

20.     An actual case or controversy exists between CSAV and ArrivalStar as to whether the '320 patent is not infringed by CSAV.

21.     A judicial declaration is necessary and appropriate so that CSAV may ascertain its rights regarding the '320 patent.

22.     CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '320 patent.

23.     This is an exceptional case entitling CSAV to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '359 PATENT**

24.     CSAV realleges and incorporates by reference paragraphs 1-23 of its Counterclaims.

25.     An actual case or controversy exists between CSAV and ArrivalStar as to whether the '359 patent is not infringed by CSAV.

26.     A judicial declaration is necessary and appropriate so that CSAV may ascertain its rights regarding the '359 patent.

27.     CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily

ATI-2391419v1
358553 - 600001

infringed, or induced infringement of any valid and enforceable claim of the '359 patent.

28.     This is an exceptional case entitling CSAV to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '859 PATENT

29.     CSAV realleges and incorporates by reference paragraphs 1-28 of its Counterclaims.

30.     An actual case or controversy exists between CSAV and ArrivalStar concerning the validity of the '859 patent by virtue of ArrivalStar's assertion of infringement of that patent by CSAV.

31.     The claims of the '859 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

32.     This is an exceptional case entitling CSAV to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '318 PATENT

33.     CSAV realleges and incorporates by reference paragraphs 1-32 of its Counterclaims.

34.     An actual case or controversy exists between CSAV and ArrivalStar concerning the validity of the '318 patent by virtue of ArrivalStar's assertion of infringement of that patent by CSAV.

35.     The claims of the '318 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101, 102, 103, and 112.

36.     This is an exceptional case entitling CSAV to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

ATI-2391419v1
358553 - 600001

**DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '320 PATENT**

37.     CSAV realleges and incorporates by reference paragraphs 1-36 of its

Counterclaims.

38.     An actual case or controversy exists between CSAV and ArrivalStar concerning

the validity of the '320 patent by virtue of ArrivalStar's assertion of infringement of that patent

by CSAV.

39.     The claims of the '320 patent are invalid for failure to comply with one or more of

the requirements of 35 U.S.C. § 101, 102, 103, and 112.

40.     This is an exceptional case entitling CSAV to an award of its attorneys' fees

incurred in connection with this action pursuant to 35 U.S.C. § 285.

**DECLARATORY JUDGMENT OF THE INVALIDITY OF THE '359 PATENT**

41.     CSAV realleges and incorporates by reference paragraphs 1-40 of its

Counterclaims.

42.     An actual case or controversy exists between CSAV and ArrivalStar concerning

the validity of the '359 patent by virtue of ArrivalStar's assertion of infringement of that patent

by CSAV.

43.     The claims of the '359 patent are invalid for failure to comply with one or more of

the requirements of 35 U.S.C. § 101, 102, 103, and 112.

44.     This is an exceptional case entitling CSAV to an award of its attorneys' fees

incurred in connection with this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, CSAV prays for:

A judgment dismissing ArrivalStar's Complaint with prejudice.

ATI-2391419v1
358553 - 600001

A judgment providing that ArrivalStar shall not be awarded any relief on its Complaint, including without limitation, any award of damages, attorneys' fees, costs, or injunctive relief.

A judgment in favor of all of CSAV's Counterclaims.

A judgment declaring each claim of the '859 patent invalid.

A judgment declaring each claim of the '318 patent invalid.

A judgment declaring each claim of the '320 patent invalid.

A judgment declaring each claim of the '359 patent invalid.

A judgment declaring that CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '859 patent.

A judgment declaring that CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '318 patent.

A judgment declaring that CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '320 patent.

A judgment declaring that CSAV does not directly infringe, contributorily infringe, or induce infringement of, and at all relevant times to this action, has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '359 patent.

ATI-2391419v1
358553 - 600001

Respectfully submitted,

s/William C. Guerrant, Jr.
William C. Guerrant, Jr.
Trial Counsel
FL Bar # 516058
Hill, Ward & Henderson, P.A.
101 E. Kennedy Blvd. – Suite 3700
Tampa, FL 33602
Telephone:     (813) 221-3900
Facsimile:     (813) 221-2900
wguerrant@hwhlaw.com

Jeffrey L. Waters
(Admitted pro hac vice)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3053
Telephone:     (404) 581-8626
Facsimile:     (404) 581-8330
jwaters@jonesday.com

Of Counsel:

Scott W. Burt
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585
swburt@jonesday.com

*Attorneys for Defendant*
*CSAV Agency, LLC*

ATI-2391419v1
358553 - 600001

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 15, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Anthony E. Dowell, Dowell Baker, PC, 201 Main St., Suite 710, Lafayette, IN 47901-1277, Michael A. Hanson, Hanson Law Office, Suite D, 2501 N. Orient Rd., Tampa, FL 33619, William Earl Davis, Foley & Lardner, LLP, One Biscayne Tower, Suite 1900, 2 South Biscayne Boulevard, Miami, FL 33131-1808, Christopher Paradies, Fowler White Boggs, P.A., 501 E. Kennedy Blvd., Suite 1700, Tampa, FL 33602, and to David A. Mancino, Kevin W. Kirsch, and Ryan M. Bednarczuk, Taft Stettinius & Hollister LLP, 425 Walnut St. Suite 1800, Cincinnati, OH 45202-3957.

s/William C. Guerrant, Jr.
Attorney

ATI-2391419v1
358553 - 600001
1321321v1